STATE OF MAINE                                    SUPERIOR COURT
SOMERSET, ss.                                     Docket No.: 09-AP-005
                                                  UCN -SOM - 9/21/2010


Bryan Carrier,

    Petitioner
                                                  **DECISION AND ORDER**
    v.

Secretary of State,

    Respondent


This matter was heard on September 13, 2010, on Petitioner's request, pursuant to

M.R. Civ. P. 80C, for judicial review of Respondent's denial of Petitioner's request for

re-licensure. Attorney John Alsop represented Petitioner. Assistant Attorney General

Michelle Robert represented Respondent. The record consists of the certified record of

the proceedings before the Hearing Officer.


Factual/Procedural Background

The record reveals that on June 13, 1997, Petitioner's license to operate a motor

vehicle was revoked as the result of Petitioner's conviction for vehicular manslaughter.

Following Petitioner's conviction, the Court sentenced Petitioner to serve 10 years in the

Department of Corrections, with all but 2 years suspended. The Court also placed

Petitioner on probation for a period of 6 years.

Respondent was released from incarceration March 30, 1999, and completed his

probationary period on March 29, 2005. On February 18, 2009, Petitioner requested the

reinstatement of his license. A hearing on Petitioner's request was conducted before a

Hearing Officer on April 28, 2009. The Hearing Officer issued a decision dated May 8, 2009, in which decision the Hearing Officer denied Petitioner's request.

Pursuant to M.R. Civ. P. 80C, Petitioner requested judicial review of the decision of the Hearing Officer. By order dated December 17, 2009, because the Court was unable to determine whether the Hearing Officer denied Petitioner's request on the basis of public safety or on other grounds, the Court remanded the matter to the Hearing Officer for further findings and conclusions.

On March 9, 2010, the Hearing Officer issued Amended Findings and Conclusions, and again denied Petitioner's request for re-licensure. Petitioner once again requested judicial review of the Hearing Officer's decision.[1]

Discussion

Following his conviction for manslaughter, Petitioner's license was permanently revoked pursuant to 29-A M.R.S. § 2454(2). Petitioner requested re-licensure in accordance with 29-A M.R.S. § 2454(5), which provides:

> A person whose license is permanently revoked under subsection 2 may petition the Secretary of State for relicensure 10 years after the date the person is no longer incarcerated. The Secretary of State shall make the person's petition for relicensure known to the family of any victims of the person's offense and shall consider the family's testimony in determining whether to reissue the person a driver's license.

In her Amended Findings and Conclusions, the Hearing Officer concluded that Petitioner "continues to pose a risk to the public safety," and recommended that Respondent "not

---

[1] To the extent that Petitioner has renewed the due process arguments that he raised in his previous action commenced pursuant to M.R. Civ. P. 80B, the Court reiterates and incorporates herein the conclusions set forth in its December 17, 2009, Decision and Order.

consider another petition for re-licensure from [Petitioner] for at least two years from the date of the original petition."

In its review of agency action, the Court is "limited to the record upon which the agency decision was based ..." 5 M.R.S. § 11006(1). In addition, the Court "shall not substitute its judgment for that of the agency on questions of fact." 5 M.R.S. § 11007(3).

As the Court noted in its December 17, 2009, Decision and Order, the revocation of a license is intended to be remedial, and not punitive. *State v. Savard*, 659 A.2d 1265, 1268 (Me. 1995). Thus, a license may be revoked on public safety grounds. *Id.* Because Respondent denied Petitioner's request based upon public safety concerns, the issue is whether sufficient record evidence exists to justify Respondent's determination.

In essence, the Hearing Officer concluded that Petitioner continued to pose a safety risk because Petitioner failed to demonstrate that he had developed the appropriate insight as to the circumstances that resulted in the revocation of his license, and failed to address sufficiently certain emotional issues that he evidently has experienced following the automobile collision that claimed the lives of three individuals. In support of her conclusions, the Hearing Officer cites Petitioner's demeanor during the hearing, Petitioner's occasional alcohol consumption, Petitioner's inability to articulate any meaningful benefit that he derived from the defensive driving course that he completed, and the fact that Petitioner remains "on edge" despite the fact that he completed counseling.

The issue for the Court is whether Respondent's "conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering, Inc. v. Superintendent of Insurance*, 593 A.2d 1050, 1053 (Me. 1991). Upon review of the record, the Court

cannot conclude that the findings of Hearing Officer, which are based in part on her ability to observe the Petitioner during testimony, are unreasonable. In particular, the Hearing Officer's findings are supported by the record, and can reasonably generate public safety concerns.[2] Accordingly, Petitioner's request is denied.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Dated: 9/21/10

Justice, Maine Superior Court

---

[2] Petitioner argues in part that the Hearing Officer's findings are unfounded because they are inconsistent with some of the observations and conclusions of the sentencing justice. Petitioner's argument is not persuasive. First, the Hearing Officer is not bound by the conclusions of the sentencing justice. Furthermore, the justice did not address specifically whether Petitioner posed a threat to public safety if he were to maintain an operator's license. Rather, the comments upon which Petitioner relies were made in the context of establishing the appropriate sentence – whether Petitioner presented a risk to the public such that a lengthy period of incarceration was necessary. Finally, while a historical perspective is certainly helpful, the issue for the Hearing Officer is whether at the present time Petitioner poses a threat to public safety if he were to have a license to operate a motor vehicle. The Hearing Officer properly focused on Petitioner's current situation.